810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. KEENER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-6120.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff James M. Keener appeals the summary judgment entered by the district court affirming the final decision of the Secretary in this action seeking review of the Secretary's establishment of November 10, 1982, as the onset date of plaintiff's disability for purposes of receiving disability benefits under Title II, and supplemental security income under Title XVI, of the Social Security Act. The sole issue presented for review is whether substantial evidence supports the Secretary's denial of benefits for the closed period from January 1980 (the onset date alleged by plaintiff) to November 10, 1982.
 
 
 2
 Plaintiff filed his first application on January 22, 1980, alleging arthritis, prostate trouble, and deteriorated disc disease as the basis for his disability. The application was denied at all administrative levels, including by the Administrative Law Judge ("ALJ"), following a de novo hearing. Following the filing of an action in district court, summary judgment was granted in favor of the Secretary.
 
 
 3
 In an earlier appeal, this court, prior to oral argument, entered an order remanding the case to the Secretary for reconsideration in light of the fact that the ALJ had relied in part on a report by Dr. Stephen Thurman, whose practices had previously been found to be fraudulent. Thus, the merits of the appeal were not addressed.
 
 
 4
 Meanwhile, plaintiff filed a second application for benefits on July 1, 1982. The application was again denied initially and on reconsideration. Following plaintiff's request for a de novo hearing before an ALJ, the remanded 1980 application and the second (1982) application were consolidated for hearing.
 
 
 5
 The ALJ recommended that plaintiff be found disabled as of November 10, 1982. The ALJ found that as of that date, plaintiff's musculoskeletal impairment and, to a lesser extent, his mental impairment restricted him to sedentary work. Applying section 201.00(g) and Rule 201.10, Table No. 1, 20 C.F.R. pt. 404, subpt. P, the ALJ found plaintiff disabled. However, the ALJ refused to revise his earlier decision and found that plaintiff was capable of performing his former work as a school bus driver and janitor through at least November 10, 1982. The Appeals Council adopted the recommended decision. Following the district court's grant of summary judgment to the Secretary, plaintiff filed the present appeal.
 
 
 6
 Plaintiff's major argument is that the Secretary's selection of November 10, 1982, as the onset date is arbitrary, capricious, and without foundation in the record. The ALJ selected November 10, 1982, the date of a report of a consultative examination by Dr. John C. McInnis, because this was the "the first medical evidence convincingly demonstrating that the claimant's physical impairments attained a compensable level of severity." Plaintiff argues the selection of this date was arbitrary because there is no difference between Dr. McInnis' findings and the clinical evidence supporting an onset date of January 1980. Plaintiff further argues that the determination of November 10, 1982, as the onset date, based on Dr. McInnis' report of the same date, is arbitrary because plaintiff's impairment is progressive. Plaintiff argues that he is entitled to a presumption that his impairments developed over at least a short period of time.
 
 
 7
 Plaintiff further argues that the ALJ improperly rejected his testimony regarding pain and that the ALJ erred in failing to consider the impairments to his right shoulder and hand in determining that he was capable of performing his former work as a school bus driver.
 
 
 8
 Upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons stated by the magistrate's Report and Recommendation filed October 28, 1985, which Report and Recommendation filed October 28, 1985, which Report and Recommendation was adopted by Senior District Judge L. Clure Morton in his Memorandum Opinion and Order filed October 30, 1985.